IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON


CIVIL ACTION NO. 2:13-cv-177(WOB-CJS)

RICHARD GEIMAN                                               PLAINTIFF

VS.                    MEMORANDUM OPINION & ORDER

NORTHERN KENTUCKY WATER
DISTRICT, ET AL.                                            DEFENDANTS


This is an insurance coverage dispute that was removed from state court pursuant to this Court's diversity jurisdiction. The full procedural history of the case can be found in an earlier Memorandum Opinion and Order of the Court. *See* Doc. 18.

The case arose out of damages to plaintiff's home, yard, and personal property resulting from a leaking water district supply line. Although several defendants were named in plaintiff's complaints, the sole remaining defendant is ACA Insurance Company d/b/a AAA Fire & Casualty Insurance Company ("AAA"), plaintiff's homeowner's insurance carrier.

This matter is now before the Court on cross motions for summary judgment by plaintiff and AAA regarding coverage under the policy in question for the damages to plaintiff's home and property. (Docs. 5-3, 5-4, 5-5).[1] The Court previously heard oral argument from the parties in conjunction with another

---
[1] These motions were filed in state court prior to removal.

motion, *see* Doc. 18, and it concludes that further oral argument is unnecessary.

The Court therefore issues the following Memorandum Opinion and Order.

## *Factual Background*

The material facts herein are not in dispute and may be briefly summarized.

Plaintiff Richard Geiman ("Geiman") owns a home in Alexandria, Kentucky. In 2008, Geiman noticed that water had begun to pool in the yard to the side of his house. When the yard remained saturated even during dry spells, Geiman suspected a leaking water line and called the Northern Kentucky Water District ("NKWD"). NKWD personnel inspected the area but reported that they found no leak.

Despite efforts by Geiman to reduce the water accumulation in his yard, the problem grew worse. In 2010, a second pool of water appeared to the side of the house, and sinkholes developed in the front yard.

In August, 2011, water began to flow into Geiman's basement, draining into a floor drain and causing mold to grow.

In March 2012, Geiman filed an insurance claim with AAA.

(Doc. 5-3 at 52)[2] (Property Loss Notice).  Following an investigation, including a property inspection, AAA denied the claim by letter dated April 24, 2012.  (Doc. 5-5 at 69-81).

After Geiman again contacted NKWD, a second inspection revealed a small hole in Geiman's water meter.  When the hole was repaired, the water leakage ceased.

Geiman filed suit in October 2012 in Campbell Circuit Court, after which the case was removed to this Court.

### *Analysis*

"In general, the proper interpretation of insurance contracts is a matter of law to be decided by a court."  *Pryor v. Colony Ins.*, 414 S.W.3d 424, 427 (Ky. Ct. App. 2013) (citation omitted).

"To ascertain the construction of an insurance contract, one begins with the text of the policy itself.  So that, 'the words employed in insurance policies, if clear and unambiguous, should be given their plain and ordinary meaning.'"  *Id.* at 430 (citation omitted).  If no ambiguity exists, "a reasonable interpretation of an insurance contract is to be consistent with the plain meaning of the language in the contract."  *Id.*

---

[2] Page references are to the document as it appears on the Court's electronic docket.

In denying coverage under the policy in question, AAA relied on the following exclusion, which is incorporated into the policy by way of endorsement:

> 2. We do not insure, however, for loss:
>
>    c. Caused by: . . .
>
>       (5) Constant or repeated seepage or leakage of water . . . over a period of weeks, months or years unless such seepage or leakage of water . . . is unknown to all "insureds" and is hidden within the walls or ceilings or beneath the floors or above the ceilings of a structure.

(Doc. 5-4 at 73; Doc. 5-5 at 15) (Policy and Endorsement); (Doc. 5-5 at 70, 73) (Coverage Denial Letter).

The Court concludes that no ambiguity exists in this exclusion, and that it applies to the facts underlying Geiman's property loss. It is undisputed that water had been seeping into Geiman's yard since at least 2008; that it did so for a period of several years, worsening in 2010 and actually entering his basement in 2011; and that Geiman, while unsure of the cause, was aware of this seepage such that it was not "unknown" or "hidden" to him.

Geiman argues in a conclusory fashion that this exclusion is ambiguous based on common meanings of the terms "seepage" and "leakage." The Court finds this argument to be unpersuasive given the undisputed facts just discussed.

4

Where the language of an exclusion is clear, "a nonexistent ambiguity should not be used to resolve a policy against a company nor should courts rewrite an insurance contract to enlarge the risk to the insurer." *Pryor*, 414 S.W.3d at 430-31 (citation omitted).

Because this exclusion is dispositive, the Court need not discuss the other exclusions on which AAA relies.

However, the Court notes that, in addition to the above exclusion, the policy in question places on the homeowner a duty to give "prompt notice" to the insurer of a loss to covered property, and that a failure of prompt notice which is prejudicial to the insurer will bar coverage. *See* Doc. 5-4 at 83.

This provision further precludes Geiman's claims because it is undisputed that he waited seven months -- from August 2011 until March 2012 -- to contact AAA after he first observed water entering his basement, and his own testimony establishes that the damage to his home and other property increased substantially during that time.

For these reasons, the Court concludes that AAA is entitled to summary judgment on Geiman's claims against it.[3]

---

[3] The Court thus respectfully disagrees with the Order denying summary judgment entered by the Campbell Circuit Court prior to removal. *See* Doc. 5-1 at 94-97. First, a different and more

Therefore, having reviewed this matter, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that plaintiff's motion for summary judgment be, and is hereby, **DENIED**, and defendant's motion for summary judgment be, and is hereby, **GRANTED**. A separate judgment shall enter concurrently herewith.

This 3rd day of March, 2014.



Signed By:
William O. Bertelsman  WOB
United States District Judge

---

lenient standard for summary judgment applies under Kentucky law. S*ee Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476 (Ky. 1991). Second, this Court disagrees that the issue is whether there is a genuine issue of material fact "as to whether any of the damage to Plaintiff's property caused by water could have been avoided." Doc. 5-1 at 97. The issue, rather, is whether the undisputed facts trigger the exclusion discussed above. The state court recognized that Geiman was aware for some months of the water seeping into his basement. *Id.* This Court thus concludes that the exclusion applies as a matter of law.